## SENTINEL FIRE INSURANCE CO. of SPRINGFIELD, MASS., v. BOONE et al.

No. 21345. Opinion Filed Dec. 13, 1932.

Rehearing Denied June 27, 1933.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Wm. G. Davisson and Marvin Shilling, for defendants in error.

KORNEGAY, J. This is a proceeding in error to review the action of the district court of Carter county in refusing a new trial and entering judgment against the plaintiff in error, the Sentinel Fire Insurance Company, on a policy of insurance that it had issued to C. P. Massey upon a new Durant coupe, actual cost $735 as recited

in the policy, the amount of the insurance being $490. This policy was issued on the 27th day of October, 1928.

In the policy it was stated that the automobile was purchased on a deferred payment plan, and the amount unpaid was $565.32, represented by 12 notes of $47.11 each, last note being due the 1st of November, 1929. There was a clause in the policy that the loss was payable to C. P. Massey or to Boone Motor Company, as the interest might appear. At the time of executing this insurance policy, the property was mortgaged by the owner to the Means Motor Company, who about this time assigned the mortgage, and the notes securing it, to the plaintiff, J. B. Boone, and he was the holder of the mortgage at the time of the fire, about which there is some difference of view as to whether it was on the 27th or 29th of December, 1928. What was left of the car after it was burned was assigned, with consent of the adjuster, by C. P. Massey to the Means Motor Company. The assignment recites that the lien of $565.32 existed in favor of J. B. Boone. Ardmore, as of the date of the 6th of November, 1928. This assignment was sworn to on the 25th of January, 1929, by Massey.

There was no question as to the fire having destroyed the machine, and the petition was based upon the usual allegations of a policy having been issued, with a loss payable clause alleged to be in favor of the plaintiff, J. B. Boone, doing business as the Boone Motor Company.

The answer was a general denial and a plea that proof of the loss, signed and sworn to by Massey, was not furnished within 60 days, and for that reason plaintiff could not recover. There was a further statement that the only interest which the plaintiff, as the Boone Motor Company, had, was that of an assignee of any amount not exceeding the face value of the policy for which the defendant might be liable. There was an amendment to the answer, setting up the fact that the loss, instead of occurring on the 29th of December, 1928, occurred on the 27th of December, 1928, and limitation barred the action.

A reply was filed setting up the fact that proof of loss was sent in, in accordance with the practice and custom that had been theretofore had between the parties with reference to former losses over a long period of time, and that the proof of loss was actually mailed to the agent designated for

such purposes. There was a plea of estoppel and waiver based on the allegation that, immediately after the fire, the adjusters of the defendant were sent to the plaintiff for the purpose of adjusting the loss, and the value of the car at the time of the fire was agreed on, and the amount of insurance that should be paid thereby, namely, $490, but that the adjusters did not desire to pay until after the expiration of a year from the date of the fire, and that by virtue of the request of the adjusters, the plaintiff was misled and thereby prevented from taking any other course for the collection of the insurance, and it was alleged that by virtue of such conduct the defendant ought to be estopped from setting up improper proof of loss. There was a further allegation that the defendant took charge of the wreckage and sold it to a man by the name of Means, at Wilson, and thereby elected to assume the responsibility for the loss.

At the trial, proof was made of the ownership of the original mortgage, and its assignment to the plaintiff, who claimed to be doing business as an individual under the style of the Boone Motor Company, and it appeared that the mortgage and notes were assigned to him, and the wreck was assigned to Means by Massey, Means being a witness on the trial. Proof was made as to the value of the car at the time of the burning, as well as of the agreement of the adjusters to pay the full face of the policy. Proof was made of having forwarded a formal statement of loss to the company's representative within 60 days, pursuant to request so to do, after the agreement to pay the $490, and it appears that the defendant had at the trial a letter that was received by it in January, 1929, telling of the fire and the loss.

At the conclusion of the evidence, demurrer to the evidence was interposed by the defendant below, and overruled, and exceptions were taken. The only evidence offered by the defendant was that of the attorneys for the plaintiff, as to the authority to use the name of the original owner of the property as a party plaintiff. With that the defendant rested, and asked the court to direct a verdict because the suit was not authorized by Massey. This was overruled and exceptions taken. Another assigned ground for direction was the reason stated in the demurrer to the evidence, and that J. B. Boone, doing business as the Boone Motor Company, cannot maintain the action for the reason that Massey was not in court, and no one

had any authority to bring suit in his name. An instructed verdict, after consultation with the attorneys and a statement of what they thought ought to go to the jury, was given by the court for recovery of the amount of the policy, $490.

A brief has been filed by the plaintiff in error, setting out a large part of the testimony, with several assignments of error, but the only assignment of error argued is No. 4, to the effect that the court erred in overruling the demurrer of the plaintiff in error to the evidence introduced on behalf of the defendants in error. Point is made that Massey was a necessary party to complete the termination of the action, and that he did not consent to being made a party plaintiff, and was not made a defendant. From this record, it appears that Massey had mortgaged the property, and that the mortgagee was bringing suit under the clause in the policy requiring payment as the interest might appear. It was evidently in contemplation of the parties, at the time of the issuance of the policy, that the paper would be taken up by the plaintiff below, which appears to have been done, according to the recital in the title transfer executed on the 6th of November, 1928. It further appears that the mortgage was held by the plaintiff at the time of the fire.

Some point is made as to the failure of proof as to the value of the car at the time of the fire. As there was evidence of the agreement to pay the full face of the policy, and there was positive evidence of value being beyond that, we think that the evidence was sufficient, when uncontradicted as it was in this case, and viewed from the standpoint of a demurrer thereto, to show that three-fourths of the value of the car equaled, if it did not exceed, the amount of the insurance.

Complaint is also made of not sending in the proof of loss required by the policy, but there was evidence from which it might reasonably be inferred that such had been sent in. We think, however, that on agreeing to pay the full amount of the policy, in view of the fact that the adjuster was on the ground and made his own investigation, and advised the insured to dispose of the remains, the necessity for sending in the proof of loss no longer existed, and that the objections raised are not sufficient to warrant a reversal of this case.

As to the position of Massey as a party, we do not think there is anything here of which the plaintiff in error has any reason

to complain. Massey had sold his interest in the wreck by direction of the adjuster, according to the proof, before the suit was started, and the right of the mortgagee to the insurance, under the conditions here named, appears to be without any reasonable ground for question. So far as this record goes, Massey had no further interest in the controversy, though his name was used by the attorneys of the mortgagee. Had the amount of the mortgage debt in this case been less than the amount due for the insurance, there might have been some special reason for requiring the presence of the original owner of the car, but as the amount of the insurance is less than the conceded amount of the mortgage, we cannot see that the insurance company could be in any wise prejudiced, whether the bringing of Massey upon the record was with or without his consent. Massey himself is not complaining.

Finding no reversible error, the cause is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, and McNEILL, JJ., concur. SWINDALL and ANDREWS, JJ., dissent. CLARK, V. C. J., absent.